■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD WILSON, Appellant. [678 NYS2d 288] —Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered December 9, 1996, convicting him of burglary in the second degree (two counts), upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARRIF WILSON, Appellant. [680 NYS2d 255] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered February 23, 1994, convicting him of murder in the second degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly declined to suppress his confession under CPL 140.20 (6). That statute provides that, after a warrantless arrest of a juvenile offender, the police must "immediately notify the parent or other person legally responsible for [the juvenile's care] or the person with whom [the juvenile] is domiciled, that the juvenile offender has been arrested, and the location of the facility where [the juvenile] is being detained" (CPL 140.20 [6]). The record indicates that there was initially no arrest, but rather the defendant voluntarily accompanied the police to the precinct. Although the defendant was only 15 years old at the time, when asked his age he lied, telling the officers that he

was 17, and providing them with a date of birth reflecting that age. Inasmuch as there is no evidence of any willful or negligent disregard of the statutory notification requirement, the defendant gave the officers "reasonable justification" to believe that he was legally an adult (*People v Salaam,* 83 NY2d 51, 57). Under these circumstances, the defendant's own affirmative deception supplied the police with a lawful basis to question him without parental or guardian notification as long as adult protections, such as *Miranda* warnings, were provided (*see, People v Salaam, supra*). Accordingly, suppression was properly denied.

The defendant's remaining contentions are without merit. Sullivan, J. P., Altman, Friedmann and McGinity, JJ., concur.